Manuel W. Levine, J.
In this action for a declaratory judgment plaintiff seeks to have the building zone ordinance of the Town of Oyster Bay declared unconstitutional as applied to a certain parcel of land in Massapequa.
Plaintiff’s parcel is 100 feet by 100 feet on the north side of Richmond between Broadway and West Boulevard. It is known *47 as Lots 699 to 703, Block 73, Section 48, of the Tax Map of Nassau County. It is in an area zoned as “ D ” Residence District.
In 1943 Ray Champlin owned the subject premises. He conveyed Lots 699 to 701 (60 feet by 100 feet) to William Spano and Angelina, his wife. In May 1945 he conveyed Lots 702-703 to Angelina Spano. Thereafter, through mesne conveyances the whole parcel became the property of Dial Homes By Computer, Inc., who sold it to plaintiff on April 23, 1969.
A “ D ” Residence District required a plot area of 5,000 square feet in 1943. This was changed in 1953 to 7,000 square feet and this is still in effect. (Section D-3 of the ordinance.)
The plaintiff desires to split the parcel into two 50-footers, thus creating two substandard plots. The plaintiff’s real estate appraiser* testified that a building plot would be worth between $8,500 and $10,000. This, of course, is substantially greater than as a side yard to the existing house. In addition he testified that, in an area two blocks north, two blocks south and two blocks east, there are 107 homes of which there are 17 houses on 50-foot plots or less. Further,, one block south there are 20 houses of which 8 are on 50-foot lots or less.
The town’s witness testified as shown on Exhibit A that in block 73 there are four substandard plots (one 5,100 sq. feet, one 6,500 sq. feet and two 6,000 sq. feet) and six 10,000-square-foot plots, two 8,000 square feet and one 8,400 square feet. On the south side of North Richmond Avenue there are six 7,000-square-foot plots* one 10*000 square feet and one 12,000 square feet. All of these parcels have one-family homes erected on them. There are a total of 22 plots, 4 of which are less than 7,000 square feet required under the ordinance and 12 with an area in excess of the requirement.
The court viewed the area and found it to be a lovely residential community consisting of large and medium-size homes.
The plaintiff’s contention is that it shows a substantial economic loss if not permitted to split its property in half and that is all that is necessary for them to prove and that the town in order to defeat it must prove that the application of the ordinance to its property is necessary for the public health, welfare and safety. (Matter of Fulling v. Palumbo, 21 N Y 2d 30.)
The town presented evidence of the character of the area. It showed that while 16% of the plots in the immediate vicinity were substandard, 55% were on plots exceeding the 7,000-square-foot requirement. In addition it showed that eight plots, including plaintiff’s, were 10,000 or more square feet *48 with homes thereon. The plaintiff contends that this is not sufficient in view of the determination in Matter of Fulling v. Palumbo (supra).
The court disagrees with plaintiff’s contention. In Matter of Fulling v. Palumbo (21 N Y 2d 30, 34) the Court of Appeals said: “In addition, there may be a legitimate interest in preserving the character of a particular area.” Further, public health, safety and welfare must include more than just schools, sanitary sewers, drainage, air pollution, police service, fire protection, water, roads and social services, because, by the addition of one more home, none of these would be overburdened. It is only in considering the creation of many parcels could any of the services enumerated be shown to be adversely affected. It follows that the character of the area is pertinent in considering public health, safety and welfare.
Section 261 of the Town Law grants the power ‘ ‘ to regulate and restrict the height, number of stories and size of buildings and other structures, the percentage of lot that may be occupied, the size of yards, courts, and other open spaces, the density of population, and the location ”. All of these matters relate to area requirement. This grant of power would be negated by the systematic commencement of actions like this and holding that “ significant economic injury ” is sufficient to declare the ordinance unconstitutional as applied to the particular parcel. This could be done even where a large parcel was concerned. It is fairly obvious that by splitting lots in half the value of the property is practically doubled. The court can see no such intent in the Matter of Fulling v. Palumbo case (supra).
In this case, in 1943 the 6,000-square-foot parcel had a house constructed on it. Then in 1945 the 4,000-square-foot plot was acquired. At those times 5,000 square feet were required in order to construct a house. In 1953 the property was upzoned to 7,000 square feet. The plaintiff in this action purchased the parcel in April of this year, fully cognizant of the zoning requirements. Further, 55% of the homes in the immediate area are on plots larger than 7,000 square feet. In addition 40% are 10,000 square feet or more and the court’s inspection revealed the area to be a lovely residential district of moderate and large homes. Under such circumstances the town is entitled to a judgment declaring the building zone ordinance of the Town of Oyster Bay constitutional as applied to the parcel here involved.