■ ROWE STREET ASSOCIATES, INC., Appellant, v. TOWN OF OYSTER BAY, Respondent.— In this action for a judgment declaring the Building Zone Ordinance of the Town of Oyster Bay unconstitutional insofar as it affects plaintiff's parcel of real estate located in the " D " Residence District of the Town, plaintiff appeals from a judgment of the Supreme Court, Nassau County, dated December 12, 1969 and made after a nonjury trial, declaring the ordinance to be constitutional, legal and operable as applied to said property. Judgment affirmed, with costs. On April 23, 1969 plaintiff purchased a parcel of real estate located in the " D " Residence District of the Town of Oyster Bay. The parcel has a plottage of 10,000 square feet and is improved by a one-family residence building. Plaintiff wishes to divide the plottage area into two 5,000 square foot plots and erect an additional one-family house on the new 5,000 foot plot to be thus created. By such conversion of its property plaintiff can substantially increase its value. Defendant's Building Zone Ordinance, by an amendment in effect since January 1953, restricts such conversion; it requires a minimum area plot of 7,000 square feet for the erection of such house. Plaintiff contends that in the light of the determination in *Matter of Fulling* v. *Palumbo* (21 N Y 2d 30) the ordinance as thus amended is confiscatory, arbitrary, capricious and unconstitutional as applied to its property and that the ordinance should be nullified insofar as its property is concerned so that it can proceed with its proposed division and erection of a new additional building. In our opinion, *Fulling* (*supra*) does not support plaintiff's contention. In *Fulling,* the zoning complained of was enacted in 1953, five years after the petitioner therein seeking a variance had acquired the property.

enacted. In *Fulling*, all of the surrounding residences in the neighborhood of the subject property were built on plots which were substandard to the plottage required by the 1953 zoning. Here, only a small percentage of the houses in the neighborhood of plaintiff's property are on substandard lots. In *Fulling*, no evidence was adduced before the Zoning Board of Appeals to indicate that the variance sought would undermine the neighborhood. Here, evidence was adduced before Special Term to that effect. The Trial Justice with the consent of the parties visited the neighborhood of the subject property to obtain a visual comprehension of the effect thereon if the ordinance were to be nullified and declared unconstitutional as to that property. He found, quoting from *Fulling* (*supra*, p. 34), that defendant had "a legitimate interest in maintaining and preserving the character of a particular area"; and that the character of the area herein involved would be undermined by the declaration sought. Rabin, Acting P. J., Hopkins, Latham, Kleinfeld and Brennan, JJ., concur. [63 Misc 2d 46.]