OPINION OF THE COURT
Cooke, J.
We hold that the challenged zoning ordinance amendment of the Town of Huntington is valid and therefore affirm the ruling of the Appellate Division.
Plaintiff Marcus Associates is the owner of four undeveloped building plots in the Town of Huntington, Suffolk County. These four lots, together with eight others not relevant to the present litigation, were acquired by Marcus in 1967 and 1968. At that time, the property was zoned R-40 and was thus restricted to one acre residential use. Upon application of Marcus and other local property owners, the town board rezoned the subject land, placing it in an 1-1 light industrial district. Subsequently, on February 25, 1975, defendant amended the use restrictions applicable to 1-1 districts, adding the following limitations: "A building or premises shall be used for not more than 3 permitted uses and by not more than three occupants. Each separate use shall occupy no less than 20,000 square feet of building gross floor area” (Huntington Town Code, § 62-6.1, subd 10).
Desiring to construct a building containing more than the permissible number of uses, plaintiff commenced this action to obtain a declaration of the zoning amendment’s invalidity. Following trial, Special Term concluded that plaintiff had not carried its burden of proving the ordinance unconstitutional beyond a reasonable doubt. A sharply divided Appellate Division upheld the determination of Special Term (57 AD2d 116).* Plaintiff now appeals to this court, urging that enact *505 ment of the subject amendment was beyond the town’s zoning power and violative of the State and Federal Constitutions.
That a legislative enactment will be presumed constitutional is an elementary but significant principle of law. The strength of this presumption, sometimes underestimated, has been repeatedly underscored by the courts of this State (see, e.g., Wiggins v Town of Somers, 4 NY2d 215, 218; 1 Anderson, New York Zoning Law and Practice, § 2.11, p 54). In this vein, we recently stated: "The exceedingly strong presumption of constitutionality applies not only to enactments of the Legislature but to ordinances of municipalities as well. While this presumption is rebuttable, unconstitutionality must be demonstrated beyond a reasonable doubt and only as a last resort should courts strike down legislation on the ground of unconstitutionality” (Lighthouse Shores v Town of lslip, 41 NY2d 7, 11). It is against this backdrop that the ordinance must be evaluated.
To withstand judicial scrutiny, a municipality’s exercise of its zoning power "must be founded upon a legislative delegation to so proceed” (Matter of Golden v Planning Bd. of Town of Ramapo, 30 NY2d 359, 370). Such a legislative delegation is found in section 261 of the Town Law which empowers the town board, "[f]or the purpose of promoting the health, safety, morals, or the general welfare of the community, * * * to regulate and restrict * * * the density of population, and the location and use of buildings, structures and land for trade, industry, residence or other purposes”. We find the Town of Huntington amendment to be well within the ambit of this broad grant (see Maldini v Ambro, 36 NY2d 481, 484).
 In so holding, we reject plaintiffs argument that population density is a proper subject of zoning regulation in residential but not industrial areas. The plain language of section 261 refutes any such contention, and certainly indicates that population density may be regulated in any setting, whether industrial or residential. Absent other factors not present here, an unambiguous statute such as this must be applied in accordance with its express terms. "Courts should not * * * add restrictions or limitations where none exist, nor should they interpret what has no need of interpretation” (Matter of Erie County Agrie. Soc. v Cluchey, 40 NY2d 194, 200). Thus, given the proper circumstances, a town board is *506 not without regulatory power over industrial population density.
We turn now to consider the alleged constitutional infirmity. As often stated, a constitutional attack upon a zoning measure will succeed where the property owner establishes " 'that no reasonable return may be had from any permitted use’ ” (McGowan v Cohalan, 41 NY2d 434, 436; Williams v Town of Oyster Bay, 32 NY2d 78, 82; see 1 Anderson, New York Zoning Law and Practice, § 2.15, p 64). Stated conversely, it is not enough to show that the subject land has merely suffered a significant diminution in value as a result of the zoning regulations (see Salamar Bldrs. Corp. v Tuttle, 29 NY2d 221, 227-228).
Notably, plaintiff has offered no evidence demonstrating its inability to realize a reasonable return on the regulated land. To the contrary, the record reveals that an overwhelming majority of the successfully developed parcels in the zone conform to the strictures of the recent amendment. Viewed in this light, the ordinance can hardly be said to deprive plaintiff of all reasonable use of the zoned plots (see, e.g., French Investing Co. v City of New York, 39 NY2d 587, 596-597).
Conceding the nonconfiscatory nature of the zoning regulation, plaintiff nonetheless urges that it be set aside as having no reasonable relationship to a legitimate governmental objective. To be sure, traditional notions of due process require that an enactment bear at least a minimal relationship to such a goal (see, e.g., French Investing Co. v City of New York, supra, at p 596; Maldini v Ambro, 36 NY2d 481, 484-485, supra; Village of Belle Terre v Boraas, 416 US 1, 8). But in scrutinizing a particular piece of legislation, courts must pay heed to their limited role, and scrupulously avoid entering into the legislative realm under the guise of constitutional interpretation (see, e.g., South Carolina Highway Dept. v Barnwell Bros., 303 US 177, 191). Thus, we may inquire into the relationship of the ordinance to a proper governmental interest, but must avoid any substitution of our judgment for that of the legislative body as to the necessity, wisdom or expediency of the legislative act (see, e.g., Town of Hempstead v Goldblatt, 9 NY2d 101, 105). With this caveat in mind, we consider whether the zoning amendment is rationally related to a permissible State interest.
 Legitimate governmental goals are those which in some way promote the public health, safety, morals, or gen *507 eral welfare (Salamar Bldrs. Corp. v Tuttle, 29 NY2d 221, 224-225, supra; Euclid v Ambler Co., 272 US 365, 397). No extensive search is needed for discovery of such an objective here, where the express aim of the Huntington Town Board in enacting the challenged amendment was to preserve the established character of the area — certainly a permissible, if not salutary, goal (Matter of Wulfsohn v Burden, 241 NY 288, 301-302; see, also, Rowe St. Assoc. v Town of Oyster Bay, 63 Misc 2d 46, 48, affd 34 AD2d 987, 988, affd 27 NY2d 973). It matters not that the character of the area is industrial rather than residential, for surely that consideration alone does not dilute a municipality’s right to conserve the desirable nature and economic value of an entire zone.
Moreover, we conclude that there is a reasonable nexus between the town’s objective and the zoning ordinance. Manifestly, the industrial district involved is predominantly single tenanted: 31 of 34 developed properties have one tenant, and two others have two users each. It is precisely that character which defendant wishes to preserve, and it is difficult if not impossible to maintain that the amendment is not rationally designed to achieve this end.
It may be true, as plaintiff contends, that the Town of Huntington’s zoning amendment has only an arguable impact upon population density and is not the best possible method for preserving the area’s character. This is not our consideration, and we need only ascertain, as we have, that the challenged ordinance bears a rational relationship to a legitimate goal of government. There our inquiry must end.
The order of the Appellate Division should be affirmed, with costs.
Chief Judge Breitel and Judges Jasen, Gabrielli, Jones, Wachtler and Fuchsberg concur.
Order affirmed.

 Upon holding for defendant, Special Term directed that plaintiff’s complaint be dismissed. The Appellate Division modified by deleting that portion of the lower court judgment which dismissed the complaint, and substituted in its stead a declaration that plaintiff had not proven the zoning ordinance unconstitutional (see Lanza v Wagner, 11 NY2d 317, 334). As so modified, the judgment of Special Term was affirmed (57 AD2d 116, 122).