■ ANTHONY J. COSTANZA, Petitioner, v NEW YORK STATE HUMAN RIGHTS APPEAL BOARD et al., Respondents. — Proceeding pursuant to section 298 of the Executive Law to review an order of the State Human Rights Appeal Board, dated August 8, 1980, which affirmed a determination of the State Division of Human Rights, dated July 11, 1979, dismissing petitioner's complaint upon a finding that there was no probable cause to believe that the respondent Long Island Railroad Company had engaged in an unlawful discriminatory practice. Order confirmed and proceeding dismissed, without costs or disbursements. On the record considered as a whole, there exists sufficient evidence to support the State Division of Human Rights' finding that there was no probable cause to believe that the respondent Long Island Railroad Company had engaged in the unlawful discriminatory practice complained of (see Executive Law, § 298; *300 Gramatan Ave. Assoc. v State Div. of Human Rights,* 45 NY2d 176). Damiani, J.P., Lazer, Cohalan and Thompson, JJ., concur.

■ CAROL ENGLE et al., Appellants, v STANLEY PULVER et al., Constituting the Board of Education of the Pine Plains Central School District, Respondents. — In a proceeding pursuant to CPLR article 78, *inter alia,* to "annul" a determination by the respondents to close an elementary school on the ground that the determination was made in violation of the State Environmental Quality Review Act (Environmental Conservation Law, art 8), the appeal is from a judgment of the Supreme Court, Dutchess County, dated August 26, 1980, which dismissed the petition. Judgment affirmed, with $50 costs and disbursements. The closing of the Cold Spring Elementary School for budgetary reasons and the transfer of some 300 students to the Seymour Smith Elementary School was a routine activity of an educational institution which does not involve capital construction (see 6 NYCRR 617.13; see, also, *Matter of Hopkins v Board of Educ.,* 99 Misc 2d 216). Accordingly, it was not necessary for respondents to file an environmental impact statement or follow any other procedure under the State Environmental Quality Review Act (see 6 NYCRR 617.13 [a]). A board of education has the power, authority and responsibility to administer the affairs of a school district pursuant to subdivision 33 of section 1709 of the Education Law and has broad discretion in the assignment of pupils to schools (see *Matter of De Vito v Nyquist,* 56 AD2d 159, affd 43 NY2d 681; *Matter of Older v Board of Educ.,* 27 NY2d 333). Damiani, J.P., Lazer, Cohalan and Thompson, JJ., concur.