■ ALFRED J. COONRADT et al., Respondents, v PINE PLAINS CENTRAL SCHOOL DISTRICT et al., Appellants. — In an action, *inter alia*, for injunctive relief and for an order directing defendants to cure "fire violations" in the Seymour Smith Elementary School, defendants appeal from an order of the Supreme Court (Dachenhausen, J.), dated March 23, 1981 and entered in Dutchess County, which denied their motion to dismiss the complaint on the grounds of *res judicata* and collateral estoppel. Order affirmed, without costs or disbursements. Defendants contend that plaintiffs are estopped from asserting that certain modifications must be made at the Seymour Smith Elementary School, to insure safe egress in case of fire, because a prior proceeding, pursuant to CPLR article 78, to "annul" the board of education's determination to close the Cold Spring Elementary School and transfer its student body to the Seymour Smith Elementary School, was dismissed on the merits (see *Engle v Pulver*, 80 AD2d 598). In that prior proceeding, Special Term noted that "petitioners have offered no concrete evidence to indicate that fire and safety hazards would increase as the result of the proposed transfer." However, the question of whether there was a need to correct a dangerous condition at the Seymour Smith Elementary School, irrespective of the proposed transfer, was not necessarily decided (see *Schwartz v Public Administrator of County of Bronx*, 24 NY2d 65, 71). The complaint in the instant action alleges that a condition exists at the Seymour Smith Elementary School which is in flagrant violation of fire regulations promulgated by the Commissioner of Education (see 8 NYCRR 155.3). Plaintiffs assert that the only alternative means of egress from classrooms are windows which open only from the top and which, on the third floor, are 32 feet from the ground. Plaintiffs further allege that there are no emergency egress windows anywhere in the school, that no windows in the school are designed as emergency egress windows, and that there are no steps or ladders that would permit emergency egress, in violation of 8 NYCRR 155.3 (a) (6). It is also alleged that the fire department serving the Seymour Smith Elementary School has only one ladder which could reach the third floor. Therefore, the instant action raises serious questions which were not directly in issue in the prior proceeding. Titone, J. P., Gibbons, Weinstein and Rubin, JJ., concur.