■ In the Matter of BOB L. EKSTEIN et al., as Trustees under the Trust of IRWIN FEUER, et al., Appellants, v COMMON COUNCIL OF THE CITY OF GLOVERSVILLE, Respondent. — Appeal from a judgment of the Supreme Court at Special Term (Cerrito, J.), entered June 28, 1983 in Fulton County, which converted petitioners' proceeding, brought pursuant to CPLR article 78, into an action for declaratory judgment and declared that respondent's denial of petitioners' application to amend the City of Gloversville Zoning Ordinance

was a constitutional exercise of its police power. ¶ In April of 1982, petitioners filed a petition with the City of Gloversville requesting an amendment to the city's zoning ordinance. Petitioners sought to change the zoning designation of their places of business from residential areas to manufacturing areas for the purpose of improving and modernizing their businesses. Petitioners each operate their leather processing, tanning and/or manufacturing facilities as prior nonconforming uses. ¶ Upon receipt of the petition, respondent referred it to the Gloversville Planning Commission for study and recommendation. Accordingly, the commission held meetings with the city police department, the city fire department and the city engineer. In due course, the commission recommended to respondent that the petition be denied. Thereafter, pursuant to notice, a public hearing on the matter was held. Over 100 people attended the hearing and numerous individuals spoke in favor of and in opposition to the zoning amendment. Subsequently, respondent, by a vote of eight to four, denied petitioners' application for the zoning amendment. ¶ Petitioners then commenced a CPLR article 78 proceeding to annul respondent's determination. Special Term converted the proceeding to an action for declaratory judgment and declared that respondent's denial of petitioners' application was a constitutional exercise of its police power. This appeal ensued. ¶ There must be an affirmance. Section 83 of the General City Law sets forth the procedure for amending, altering or changing city zoning ordinances. In pertinent part, it provides: "The common council may from time to time on its own motion or on petition, after public notice and hearing, which hearing may be held by the council or by a committee of the council or by the planning board, amend, supplement, repeal or change the regulations and districts established under any ordinance adopted pursuant to paragraphs twenty-four and twenty-five of section twenty of this chapter." Contrary to petitioners' contention, the requirements of this statute, together with the requirements of the relevant provisions of the city's zoning ordinance (§§ 106-41, 106-42), were fully complied with (*Miner v City of Yonkers*, 19 Misc 2d 321, 327, affd 9 AD2d 907, mot for lv to app den 8 NY2d 784). ¶ Petitioners next contend that respondent's denial of the petition was unconstitutional and arbitrary. A review of the record however, belies this contention (see *Marcus Assoc. v Town of Huntington*, 45 NY2d 501). ¶ Judgment affirmed, with costs. Kane, J. P., Main, Weiss, Mikoll and Levine, JJ., concur.