■ Roger Davis et al., Appellants, v Board of Education of the Hewlett-Woodmere Union Free School District, Respondent.—In a proceeding pursuant to CPLR article 78 and for declaratory and injunctive relief, inter alia, to declare void a referendum held pursuant to Education Law § 402 authorizing the sale of a former school, and to prohibit the respondent from taking any action pursuant to the referendum to sell the school, the petitioners appeal from a judgment of the Supreme Court, Nassau County (Roncallo, J.), entered November 29, 1985, which denied the petition.

Ordered that the judgment is affirmed, with costs.

In February 1985 the Board of Education of the Hewlett-Woodmere Union Free School District agreed to sell approxi-

mately 4.5 acres of land containing the former Woodmere South Junior High School for the sum of $3,250,000. Darren Equities, Ltd., the purchaser, proposed to construct either privately owned, nonsubsidized senior citizen housing or condominium or cooperative housing with a 54-unit maximum on the site. The contract was conditioned upon the Town of Hempstead's consent to a zoning change. The sale and the proposed uses were put before the voters of the district pursuant to Education Law § 402, and on April 2, 1985, the voters approved of the sale of the property for condominium development by a vote of 1,589 in favor and 1,356 against.

The petitioners contend that the Board of Education was obligated by the State Environmental Quality Review Act (see, ECL 8-0101 et seq.) to prepare an environmental impact statement before entering into the contract of sale and conducting the referendum. We agree with Special Term, which dismissed the petition on the ground that the selling of excess property by the Board of Education was a routine activity which did not require the preparation of an environmental impact statement (see, 6 NYCRR 617.13 [17]; 8 NYCRR 155.5 [b] [2] [i]; Engle v Pulver, 80 AD2d 598). The Board of Education and the voters of the district were obligated to seek the best possible price for any lawful use of the property (see, Matter of Ross v Wilson, 308 NY 605; Matter of New City Jewish Center v Flagg, 111 AD2d 814, affd 66 NY2d 980). Mangano, J. P., Bracken, Niehoff and Kunzeman, JJ., concur.