■ CHRISTIAN BOBKA et al., Appellants, v TOWN OF HUNTINGTON et al., Respondents.—In an action for a judgment declaring chapter 149 of the Code of the Town of Huntington to be unconstitutional, the plaintiffs appeal from an order of the Supreme Court, Suffolk County (Doyle, J.), entered October 27, 1986, which declared that chapter of the code to be constitutional and thereupon dismissed the complaint.

Ordered that the order is affirmed, with costs.

The plaintiffs are residents of the Town of Huntington who earn their living as peddlers of cut flowers. They sell their wares from pushcarts which, together with identifying signs, they place on the side of the road to attract passing motorists. The interested customers have to drive their vehicles off the road, stop on the shoulder to make their purchases and then reenter the stream of vehicular traffic on the particular road or highway.

Chapter 149 of the Code of the Town of Huntington, which is entitled "PEDDLERS AND SOLICITORS", has three stated purposes: (1) to protect the peace of citizens in their homes, (2) to protect consumers against fraud, and (3) to prevent congestion

and unsafe conditions in the streets. The ordinance provides in part as follows:

"149-11. Use of Streets * * *

"B. No peddler or solicitor, including those otherwise exempt from this chapter, shall permit any cart, wagon or vehicle owned, operated or under their control to stand or remain stationary for the purpose of soliciting or selling or offering for sale therefrom or from any bag or container, any goods, wares or merchandise of any kind upon or within the lines of the following prohibited streets, and service roads thereof, or within a distance of two hundred fifty (250) feet of any intersecting prohibited street"

Approximately 36 roads are classified as "prohibited streets", including State Highway Route numbers 25, 25A and 110.

The plaintiffs commenced this declaratory judgment action to challenge the constitutionality of the "prohibited streets" provision in the ordinance. On April 22, 1986, in lieu of a trial, the parties entered into a stipulation of facts including the submission of various documents relating to the history and evolution of the challenged ordinance. The terms of the stipulation included the following:

"The majority of streets on the list of prohibited streets in Chapter 149 of the Code of the Town of Huntington are heavily trafficked. The volume of traffic varies by time of day and sections of roadway. There are also some streets on the list not heavily trafficked.

"* * * A. The shoulder of a road is part of the roadway.

"B. The time of day is a factor that can be referred by counsel in brief and argument.

"C. Traffic at varied points on each street may be shown to a lesser degree at certain locations".

The submitted documents demonstrate that since the ordinance was originally enacted, new roads have been added to the list of prohibited streets solely upon the request of a town resident without an investigation by the Town Board, except in the case of three roads.

The Supreme Court, Suffolk County, dismissed the complaint, finding that the plaintiffs failed to overcome the presumption of constitutionality that attached to the ordinance. We agree.

In challenging the constitutionality of chapter 149, the plaintiffs face a heavy burden. Statutes are presumed to be

constitutional, and that presumption can only be rebutted by proof beyond a reasonable doubt *(see, Maresca v Cuomo,* 64 NY2d 242, 250, *appeal dismissed* 474 US 802; *Hotel Dorset Co. v Trust for Cultural Resources,* 46 NY2d 358, 370; *Montgomery v Daniels,* 38 NY2d 41, 54). A local ordinance is cloaked with the same strong presumption of constitutionality *(Town of Huntington v Park Shore Country Day Camp,* 47 NY2d 61, 65, *rearg denied* 47 NY2d 1012; *Marcus Assocs. v Town of Huntington,* 45 NY2d 501, 505). In *Lighthouse Shores v Town of Islip* (41 NY2d 7, 11), the rule was stated as follows: "The exceedingly strong presumption of constitutionality applies not only to enactments of the Legislature but to ordinances of municipalities as well. While this presumption is rebuttable, unconstitutionality must be demonstrated beyond a reasonable doubt and only as a last resort should courts strike down legislation on the ground of unconstitutionality".

Judicial review of a challenged statute or ordinance is limited to determining whether, "any state of facts, known or to be assumed, justify the law" *(Matter of Malpica-Orsini,* 36 NY2d 568, 571). Thus, it need only be determined whether the ordinance in question is a reasonable measure for achieving valid goals of the municipality.

Significantly, the municipality in this case has only regulated, but not prohibited, roadside peddlers. It is well settled that promoting the public safety by regulating the use of the municipality's streets to prevent traffic congestion is a legitimate exercise of legislative power *(Good Humor Corp. v City of New York,* 290 NY 312). Further, the stated additional purpose of protecting the peace of citizens in their homes is a constitutionally permissible purpose.

A review of the record reveals that the plaintiffs have not established beyond a reasonable doubt their allegation that the real purpose of the provision is to protect retail florists from unfair competition by peddlers. Indeed, the plaintiffs expressly stipulated that the majority of the streets on the list of prohibited streets in the ordinance "are heavily trafficked". This stipulation supports the defendants' assertion that the purpose of the ordinance is to protect the public from interference with the movement of traffic.

Furthermore, although the defendants admitted that not all the prohibited streets are heavily trafficked, the plaintiffs have offered no evidence that the ordinance was not reasonably or rationally related to either of the legitimate stated purposes, i.e., preventing traffic congestion and unsafe conditions in the streets or protecting the peace of citizens in their

homes. On the other hand, there is evidence in the record that, with respect to some of the prohibited streets, citizen complaints concerning traffic, safety and violations of the peace had been registered. The Department of Transportation and Traffic Safety received numerous complaints regarding roadside vendors on Commack Road. A departmental report on this subject stated that: "In some instances, these vendors create a traffic hazard for motorists on Commack Road as well as the intersecting side streets". With regard to Deer Park Avenue, a citizen stated at the public hearing that:

"As you know, that's a very heavily trafficked artery from Northport to Deer Park Avenue leading to the Expressway, and in the afternoon, especially, the traffic starts piling up from about three-thirty until about six, and that's usually when the peddlers are there with their big signs for roses. Mother's Day, Father's Day, other holidays we have two, sometimes three of them. On occasion, they have caused close calls, accidents, etcetera.

"I have called the Second Precinct and I spoke to the Highway Department".

In addition, the record reveals a registered letter from two residents complaining about the situation on Wolf Hill Road, "a very heavily traveled road" traversing "a completely residential community". The letter related that "flower vendors do a thriving business on this shoulder, and they attract many cars" which, in violation of the posted "no parking" signs, park on the shoulder of the road. The letter also described occasions of trespassing on the residents' property by vendors and customers and litter discarded on the ground despite a "no littering" sign. The residents expressed their concern for the safety of small children in the area and their annoyance with vendors who had been observed urinating in public and who "blast away their stereo radios".

Also, 71 residents signed a statement with regard to Commack Road relating that double-parked customers of a peddler selling hubcaps found themselves in dangerous vehicular situations. According to these residents, the parked vehicles also "frequently block access to the fire hydrant centered in the selling area".

This proof, coupled with the stipulated fact that "[t]he majority of streets on the list of prohibited streets * * * are heavily trafficked", is sufficient to establish that the prohibition in the subject ordinance is reasonably related to the legitimate purposes of minimizing traffic congestion and main-

taining a peaceful community. This is especially true in view of the fact that the plaintiffs' proof consists solely of the stipulated facts that not all the prohibited streets are heavily trafficked, and that traffic conditions vary in different portions of each prohibited street.

Based on this record, we agree with the Supreme Court, Suffolk County, that the plaintiffs have offered no evidence in support of their contention that the provisions complained of are not rationally related to the stated valid purposes. Accordingly, the plaintiffs have failed to sustain their burden of establishing the unconstitutionality of the ordinance beyond a reasonable doubt.

Finally, we have reviewed the plaintiffs' remaining contentions and find them to be without merit. Mangano, J. P., Bracken, Eiber and Spatt, JJ., concur.