■ Patrick R. Vecchio et al., Constituting the Town Board of the Town of Smithtown, Appellants, et al., Intervenors-Plaintiffs, v Lillian B. Griffin, et al., Constituting the Village Board of the Incorporated Village of Lake Grove, Respondents.—In an action, inter alia, for a judgment declaring unconstitutional Local Laws, 1986, No. 5 of the Village of Lake Grove (amending Vehicle and Traffic Code of Village of Lake Grove § 120.7), the plaintiffs appeal, as limited by their brief, from stated portions of a judgment of the Supreme Court, Suffolk County (Gowan, J.), dated April 7, 1987, which, inter alia, denied their application for injunctive relief and granted the defendants' motion for summary judgment dismissing the complaint for failure to state a cause of action.

Ordered that the judgment is modified, by adding thereto a provision declaring that Local Laws, 1986, No. 5 of the Village of Lake Grove is constitutional; as so modified, the judgment is affirmed insofar as appealed from, with costs.

By enactment of Local Laws, 1986, No. 5 of the Village of Lake Grove, the defendants designated a portion of Moriches Road to be a one-lane, one-way highway. The village is empowered to designate a highway one way and must install the appropriate traffic control device to effectuate the enactment (see, Vehicle and Traffic Law §§ 153, 1640 [a] [4]; §§ 1682, 1683 [a] [6]). Since the installation of a traffic control device on an existing highway is a Type II action, the legislative decision in connection with the installation did not require the preparation of an environmental impact statement or any other procedure under the State Environmental Quality Review Act (see, 6 NYCRR 617.13 [a], [d] [6], [21]; see also, Davis v Board of Educ., 125 AD2d 534; Engle v Pulver, 80 AD2d 598).

In challenging the constitutionality of Local Laws, 1986, No. 5, the plaintiffs face a heavy burden. Local Laws are presumed to be constitutional and that presumption can only be rebutted by proof beyond a reasonable doubt. The plaintiffs must show that " 'no reasonable basis at all' " existed for the ordinance (Lighthouse Shores v Town of Islip, 41 NY2d 7, 12). Our review of the record indicates that the ordinance is reasonably related to its legitimate stated purposes of preventing traffic congestion and unsafe driving conditions, as well as protecting the peace of citizens in their homes (see, Bobka v Town of Huntington, 143 AD2d 381). The record contains numerous citizen complaints including affidavits and statements at the public hearing concerning the heavy traffic, lack of safety, noise and pollution. A State Department of Trans-

portation report described 50 accidents on Moriches Road over a two-year period. According to the director of a school on Moriches Road, the traffic on that highway causes a constant danger to students who cross it four times a day.

The defendants' traffic expert concluded, as set forth in his affidavit, that on the basis of an extensive traffic study of existing conditions made prior to the enactment, serious safety concerns and congestion existed on Moriches Road and that Local Laws, 1986, No. 5 was a reasonable means to alleviate those concerns. He also predicted that the traffic displaced from Moriches Road would be diverted to specified major arterial roadways more suitable and more readily able to take the added traffic. The plaintiffs' conclusory submissions do not sustain their burden of proof or create issues of fact as to the constitutionality of Local Laws, 1986, No. 5 (see, People v Randazzo, 60 NY2d 952; Bakery Salvage Corp. v City of Lackawanna, 24 NY2d 643; cf., People v Grant, 306 NY 258; Peconic Ave. Businessmens' Assn. v Town of Brookhaven, 98 AD2d 772).

We note that since this is a declaratory judgment action, the Supreme Court should have directed the entry of a declaration in favor of the Village of Lake Grove rather than dismissal of the complaint (see, Lanza v Wagner, 11 NY2d 317, 334, appeal dismissed 371 US 74, cert denied 371 US 901). Bracken, J. P., Lawrence, Weinstein and Balletta, JJ., concur.