■ BRIAN COLLIS, Appellant, v TOWN OF NISKAYUNA et al., Respondents.—Yesawich Jr., J. Appeal from an order of the Supreme Court (Lynch, J.), entered October 23, 1990 in Schenectady County, which, *inter alia,* granted defendants' motions for summary judgment and made a declaration in defendants' favor.

Plaintiff, the owner of "Mr. Ding-A-Ling Ice Cream", a retail ice cream business using a fleet of 18 trucks to sell its products from the street, commenced this action seeking declaratory and injunctive relief against defendant Town of Niskayuna. Plaintiff claims that Local Laws, 1976, No. 4 of the Town of Niskayuna (hereinafter Local Law No. 4) denies him due process and equal protection of the law as guaranteed by the Federal and State Constitutions.

Local Law No. 4 prohibits motor vehicles from stopping on public streets "for the purpose of selling or offering for sale any confectionary, ice cream or ice cream product, or snack-type food directly from the vehicle"; it does not forbid one like plaintiff from selling ice cream in the Town, but merely from doing so on the Town's public streets. Inasmuch as the constitutionality of Vehicle and Traffic Law § 1660 (a) (6) (ii) which allows towns to enact ordinances like the one at issue (L 1981, ch 224, § 6) was questioned, the Attorney-General, with the consent of the parties, was granted leave to intervene as a defendant and the complaint was amended accordingly. Supreme Court found Vehicle and Traffic Law § 1660 (a) (6) (ii) and Local Law No. 4 constitutional and enforceable, and granted defendants' motions for summary judgment. Plaintiff appeals. We affirm.

Neither Vehicle and Traffic Law § 1660 (a) (6) (ii) nor Local Law No. 4 violate plaintiff's due process rights. Both laws enjoy an "exceedingly strong presumption of constitutionality", rebuttable only by proof beyond a reasonable doubt *(Lighthouse Shores v Town of Islip,* 41 NY2d 7, 11; *see, Bobka v Town of Huntington,* 143 AD2d 381, *lv denied* 73 NY2d 704). The State Legislature enacted Vehicle and Traffic Law § 1660 (a) (6) (ii) in response to a finding that "motor vehicles engaging in retail sale of frozen desserts * * * create potentially hazardous situations which may lead to injury or death [and this] possibility * * * becomes more serious when such sales are directed towards children" (L 1981, ch 224, § 1). And, according to the bill's sponsor, the statute was drafted pursu-

ant to guidelines set forth in a study conducted by the U.S. Department of Transportation, National Highway Traffic Safety Administration (letter of Senator Norman J. Levy, June 4, 1981, Bill Jacket, L 1981, ch 224). As for the Town, its concern (highlighted by two recent accidents in which one child was killed and another seriously injured after patronizing ice cream trucks) that the selling of ice cream from motor vehicles on Town streets creates a likelihood of injury to children prompted it to adopt Local Law No. 4.

Both the State's and the Town's legislation have a legitimate and salutary governmental objective, i.e., to promote child safety and welfare (*Marcus Assocs. v Town of Huntington,* 45 NY2d 501, 506-507; cf., *Trio Distrib. Corp. v City of Albany,* 2 NY2d 690, 695; *Good Humor Corp. v City of New York,* 290 NY 312, 317; *Italiano v Town & Vil. of Harrison,* 110 AD2d 684). Notably, the Town's Police Chief avers, without contradiction, that no children have been injured in the Town patronizing ice cream trucks since Local Law No. 4 was enacted. Because plaintiff has been unable to carry his burden of showing that no rational relationship exists between the State and local governments' legitimate exercise of their police power and the challenged laws, the laws in question must be sustained (see, *Marcus Assocs. v Town of Huntington, supra,* at 507). That there may be a more effective means of achieving the desired end (*Health Ins. Assn. v Harnett,* 44 NY2d 302, 312; see, *Williamson v Lee Opt.,* 348 US 483, 487-488) or that the effect of the legislation is to prevent plaintiff from extending his business into the Town does not, in the circumstances prevailing here, bar such legislation (see, *Breard v Alexandria,* 341 US 622, 632-633, *overruled in part on other grounds Village of Schaumburg v Citizens for Better Envt.,* 444 US 620, 632; *Good Humor Corp. v City of New York, supra,* at 318; *Levitt v Incorporated Vil. of Sands Point,* 6 NY2d 269, 273; *Huggins v City of New York,* 126 Misc 2d 908, 911).

Nor are we persuaded that Local Law No. 4 deprives plaintiff of equal protection. Although ice cream trucks are clearly singled out by the ordinance, plaintiff has not demonstrated that such a classification is suspect or that a fundamental right is thereby burdened (see, *Forti v New York State Ethics Commn.,* 75 NY2d 596, 612). Indeed, research indicates that pizza trucks, hot dog trucks and other trucks which do not sell frozen desserts do not present the same danger to children as the targeted vehicles (letter of Senator Norman J. Levy, June 4, 1981, Bill Jacket, L 1981, ch 224). Because the disparity of

treatment is rationally based upon the Town's concern regarding the safety of children, Local Law No. 4 does not violate plaintiff's right to equal protection of the law.

Weiss, J. P., Mikoll, Levine and Mercure, JJ., concur. Ordered that the order is affirmed, with one bill of costs.