OPINION OF THE COURT
 

 Memorandum.
 

 In each case, the order of the Appellate Term should be affirmed.
 

 Defendants Delprete and Speakerkits, nonresidents of the Village of Bellerose, are alleged to have parked their vehicles within unmetered areas of the village’s "residential area” on 47 and 76 different occasions respectively. On each of those occasions defendants were issued summonses charging them
 
 *816
 
 with violation of section 204-19 (B) of the Bellerose Village Code, which provides, in part, that "no vehicle shall be parked in the residential area * * * unless such vehicles shall bear a permit issued by the Village Clerk * * *, known as the 'resident parking permit’ The village Justice Court denied defendants’ motions to dismiss the informations and convicted them, upon guilty pleas, of violating 47 and 76 counts of section 204-19 (B), and imposed sentences of fines in the amounts of $1,410 and $2,280. The Appellate Term reversed, granted defendants’ motions to dismiss the informations, and remitted the fines to the extent paid. We now affirm.
 

 In
 
 New York State Pub. Empls. Fedn. v City of Albany
 
 (72 NY2d 96), this Court struck down an ordinance that permitted residents of certain Albany areas to park on public streets in their neighborhoods for unlimited time periods while restricting nonresidents to 90 minutes. We concluded that, notwithstanding the general delegation of power to localities allowing them to regulate the highways within their boundaries under article IX, § 2 (c) (ii) (6) of the New York Constitution, Municipal Home Rule Law § 10, and Vehicle and Traffic Law § 1604, the Legislature "retains ultimate control over the highways,” including the "power to restrict localities and ensure uniform highway regulation throughout the State”
 
 (id.,
 
 at 100-101). Indeed, we noted that the Legislature, in sections 1600 and 1604 of the Vehicle and Traffic Law, prohibited localities from excluding persons from the free use of the public highways except to the extent expressly authorized by statute
 
 (id.,
 
 at 101).
 

 Initially, the People’s contention that section 204-19 (B) is not discriminatory must be rejected. The ban on nonresident parking on public streets in the Bellerose residential district is even more restrictive than the ordinance we found patently discriminatory in
 
 City of Albany (supra).
 

 The People argue that the challenged section of the Belle-rose Code constitutes a valid exercise of police power in that it provides the village with a valid ground for questioning the presence of suspicious vehicles parked on its streets. Without considering the validity of the asserted purpose underlying enactment of section 204-19 (B), we note that a municipality may not exercise its police power in a manner inconsistent with the Constitution or any general law of the State
 
 (see, Jancyn Mfg. Corp. v County of Suffolk,
 
 71 NY2d 91, 96 ["although the constitutional home rule provision confers
 
 *817
 
 broad police powers upon local governments relating to the welfare of its citizens, local governments may not exercise their police power by adopting a law inconsistent with the Constitution or any general law of the State”]).
 

 Bellerose Code § 204-19 (B) conflicts with Vehicle and Traffic Law § 1604, which prohibits localities from excluding persons from the free use of the highways, and with the common-law rule that the "right to use of the highways is said to rest with the whole people of the State, not with the adjacent proprietors or the inhabitants of the surrounding municipality”
 
 (City of Albany,
 
 72 NY2d, at 101;
 
 see, People v Grant,
 
 306 NY 258, 262). Accordingly, section 204-19 (B) does not constitute a valid exercise of the village’s police power and must be struck down as ultra vires and void.
 

 Finally, because adoption of a local law imposing residency-based restrictions on the use of public streets is prohibited, we must also reject the contention that the challenged ordinance is a valid exercise of the village’s supersession authority contained in Municipal Home Rule Law § 10 (1) (ii) (e) (3). A village can amend or supersede a provision of the Village Law only to the extent to which it is authorized to adopt local laws under section 10 of the Municipal Home Rule Law
 
 (see, Kamhi v Town of Yorktown,
 
 74 NY2d 423, 432).
 

 Chief Judge Kaye and Judges Simons, Bellacosa, Smith, Levine and Ciparick concur; Judge Titone taking no part.
 

 In each case: Order affirmed in a memorandum.