■ ESSELTE PENDAFLEX CORPORATION, Appellant, v INCORPORATED VILLAGE OF GARDEN CITY et al., Respondents. [629 NYS2d 59] —In an action, *inter alia,* to declare unconstitutional Local Law 6-1989 of the Incorporated Village of Garden City insofar as it reduces the floor-area ratio in the C-3 zoning district and to enjoin the defendants from enforcing or implementing the reduction, the plaintiff appeals from an order and judgment (one paper) of the Supreme Court, Nassau County (Brucia, J.), entered October 22, 1993, which granted the defendants' motion for summary judgment and dismissed the complaint with prejudice.

Ordered that the order and judgment is modified, on the law, by adding thereto a provision declaring that Local Law 6-1989 of the Incorporated Village of Garden City is constitutional insofar as it reduces the floor-area ratio in the C-3 zoning district; as so modified, the order and judgment is affirmed, with costs to the respondents.

It is well settled that "zoning ordinances * * * enjoy a strong presumption of constitutionality and if there is a reasonable relation between the end sought to be achieved and the means adopted to achieve it the regulation will be upheld" *(Matter of Town of Islip v Caviglia,* 73 NY2d 544, 550-551). The party challenging a zoning ordinance must establish its unconstitutionality beyond a reasonable doubt *(Lighthouse Shores v Town of Islip,* 41 NY2d 7, 11). Moreover, the role of the courts is limited to determining whether the ordinance bears at least a minimal relationship to a legitimate, governmental objective *(see, Marcus Assocs. v Town of Huntington,* 45 NY2d 501, 506).

The Supreme Court correctly determined that Local Law 6-1989 has at least the required minimal relationship to a legitimate, governmental objective *(see, Marcus Assocs. v Town*

*of Huntington, supra)*. Moreover, the plaintiff concedes that the defendants' goal of controlling future development is a legitimate, governmental objective. While Local Law 6-1989 may result in disparate treatment in this case, that is not a sufficient basis for voiding it *(see, Kasper v Town of Brookhaven,* 142 AD2d 213, 220).

We note that since this is a declaratory judgment action, the Supreme Court should have directed the entry of a declaration in favor of the defendants rather than dismiss the complaint *(see, Lanza v Wagner,* 11 NY2d 317, 334, *appeal dismissed* 371 US 74, *cert denied* 371 US 901). Bracken, J. P., Balletta, Rosenblatt and Altman, JJ., concur.