No. 97-33 J. Philip Zand, Esq. Village Attorney Village of New Paltz P.O. Box 55 New Paltz, New York 12561-0055
Dear Mr. Zand:
You have asked whether a village may set aside certain spaces on a public highway for employees of the village and for persons having business in municipal offices. You state that you recall a report in the press of a similar issue being raised in Albany County.
In an apparently unreported decision, the Supreme Court of Albany County determined that a local law of the City of Albany setting aside certain parking spaces on public streets in the city for the exclusive use of designated public officials and employees was invalid. People v.Stafford, et al.(Sup Ct Albany Co. Index No. 4117-95, Aug. 22, 1995). The court relied upon the decision of the Court of Appeals in PublicEmployees Federation v. Albany, 72 N.Y.2d 96 (1988), in which the Court invalidated an Albany city ordinance creating a resident permit parking system whereby residents of certain areas of the city purchased permits allowing them unlimited parking in those areas. Non-residents could park in such areas during weekday business hours for only 90 minutes. The Court of Appeals reasoned that the State Legislature retains ultimate control over the public highways and that the authority of a local government to act by local law is expressly subject to the State's power to restrict localities and ensure uniform highway regulation throughout the State. Public Employees Federation, supra, at 101. This power is established through sections 1600 and1604 of the Vehicle and Traffic Law, which prohibit localities from excluding persons from free use of the highways, including parking, except to the extent such limitations are expressly authorized by statute. Public Employees Federation, supra, at 101-102. While the Legislature has delegated to villages and cities the authority to regulate specific aspects of highway use, the Court of Appeals found no authority for the City of Albany's parking regulations, which patently discriminated against non-residents. Public Employees Federation, supra, at 99. See also, People v. Speakerkits, Inc., 83 N.Y.2d 814 (1994).
Subsequent to the Supreme Court decision invalidating the City of Albany's local law, the State Legislature enacted chapter 663 of the Laws of 1996, adding subdivision 22 to section 1640(a) of the Vehicle and Traffic Law. That provision authorizes the legislative body of any city or village to enact local laws, ordinances, orders, rules or regulations to "prohibit or regulate the stopping, standing and parking of vehicles in designated areas reserved for public business at or adjacent to a government facility".
The legislative history of this provision indicates a narrow purpose. It was intended to authorize cities and villages to designate certain on-street parking areas
 for use by officials or employees engaged in legitimate governmental purposes. The designation is necessary in areas where parking may be difficult to allow elected officials, judges, state officials, or fire and police personnel to secure easy and adequate parking so that they may attend to public business. Bill Jacket, L 1996 ch 774, Memorandum in Support of Senate Bill # S.6843.
Thus, this legislation provided the State legislative authorization for local regulation of parking that the Court found was lacking in Peoplev. Stafford, supra. Id.The provision was drafted in general terms, which we believe authorize designation of parking areas for employees of the municipality, other governmental employees and members of the public engaging in public business. As a result of this recent legislation, cities and villages are now authorized under section 1640(a) of the Vehicle and Traffic Law to set aside parking spaces on public highways for use by employees of the municipality, other governmental employees and for persons doing business in municipal offices.
We conclude that cities and villages are authorized under section1640(a) of the Vehicle and Traffic Law to set aside parking spaces on public highways for use by employees of the municipality, other governmental employees and for persons doing business in municipal offices.
The Attorney General renders formal opinions only to officers and departments of State government. This perforce is an informal and unofficial expression of the views of this office.
Very truly yours,
JAMES D. COLE
Assistant Attorney General in Charge of Opinions