Stephanie L. Burns Informal Opinion Keane Beane, P.C. No. 2005-15 445 Hamilton Avenue White Plains, NY 10601
Dear Ms. Burns:
Your firm, as village attorney for the Village of Rye Brook, has asked whether Vehicle and Traffic Law ("VTL") § 1640(a)(22) authorizes the Village to establish a parking permit system, pursuant to which parking on certain public highways in the Village surrounding a public high school would be restricted to employees of the school during the day while school is in session. You have advised that the school is part of the Blind Brook School District, a municipal entity independent and separate from the Village. We conclude that VTL § 1640(a)(22) provides authority for a village to enact regulations setting aside parking spaces on highways in the village adjacent to a public school for use by employees of the school, but that such restrictions must be reasonably related to a legitimate public purpose. We also conclude that a village may use a parking permit identification system to implement its statutory authority.
STATUTORY BACKGROUND
Section 1640(a) of the VTL enumerates specific areas in which the State has delegated to villages (and cities) the power to regulate the use of highways within their boundaries. In particular, subdivision 22 authorizes cities and villages to prohibit or regulate the stopping, standing and parking of vehicles in designated areas reserved for public business at or adjacent to a government facility."[1] VTL § 1640(a)(22).
Because it authorizes villages and cities to designate reserved parking areas on highways for persons conducting public business at an adjacent government facility, section 1640(a)(22) can be viewed as an exception to the general principle that the "right to use of the highways is said to rest with the whole people of the State, not with adjacent proprietors or the inhabitants of the surrounding municipality." See New York State Public EmployeesFed. v. City of Albany, 72 N.Y.2d 96, 101 (1988) (striking down city residential parking permit system as unauthorized by VTL);see also VTL § 1604 (except as otherwise provided in this chapter, local authorities shall have no power to pass, enforce or maintain any ordinance, rule or regulation
. . . excluding any such owner [of a motor vehicle] . . . from the free use of such public highways").
Section 1640(a)(22) was enacted in 1996, in response to the New York Supreme Court decision in People v. Stafford, Index No. 4117-95 (Alb. Co. Sup. Ct. 1995). There, the court invalidated parking rules of the City of Albany that restricted parking in designated spaces on public streets in the City for the exclusive use of certain public officials, employees and others. The court reasoned that this practice, like the local residential parking permit systems struck down by the Court of Appeals in New YorkState Public Employees Fed. v. City of Albany, 72 N.Y.2d 96, and People v. Speakerkits, 83 N.Y.2d 814 (1994), was contrary to both the common law principle that a public trust is impressed upon public streets for the benefit of the public as a whole and the "free use" provision of VTL § 1604, which provides that municipalities may not enact provisions that exclude motor vehicle owners or operators from the "free use" of public highways except as otherwise authorized by the VTL._Stafford, Slip op. at 6-7. Although the court noted in Staffordthat the State Legislature was free to create exceptions to these principles, it concluded that existing provisions of the VTL did not authorize the city's parking restrictions. Stafford, Slip op. at 6, 8 (citing PublicEmployees Fed., 72 N.Y.2d at 102 ("The Legislature is free to create exceptions to the general rule or delegate the power to do so to the localities.")).
The Legislature thereafter enacted Chapter 663 of the Laws of 1996, adding subdivision 22 to VTL § 1640(a). The memorandum of the provision's Senate sponsor describes the justification for the law as follows:
 Cities and villages have historically designated certain on-street parking areas for use by officials or employees engaged in legitimate governmental purposes. . . . A recent decision in the Supreme Court, Albany County, People v. Stafford, has called into question this practice, ruling that the language of the vehicle and traffic law [sic] did not authorize the designation of spaces for public servants. This decision seriously affects cities and villages statewide who rely on these parking spots to allow public officials to reach their destinations quickly.
Memorandum of Senate Sponsor, reprinted in Bill Jacket to ch. 663 (1996), at 5; accordMemorandum of New York State Conference of Mayors and Municipal Officials (April 25, 1996), reprinted in Bill Jacket to ch. 663 (1996), at 12; see also Op. Att'y Gen. (Inf.) No. 97-33 (discussing legislative history). Thus, the legislative history of section 1640(a)(22) makes clear that it was intended to provide the state legislative authorization found lacking inStafford.
ANALYSIS
You have asked whether VTL § 1640(a)(22) authorizes the Village to use a permit parking system to restrict parking on certain public highways in the Village adjacent to a public school for the use of employees of the school. Your inquiry raises the following questions: (1) whether VTL § 1640(a)(22) authorizes the setting aside of on-street parking for persons using an adjacent government building belonging to a separate governmental entity, (2) whether it permits the setting aside of parking for specified persons or a class of persons using that facility, and (3) whether the Village may use a permit system to implement its statutory authority.
 A. Setting Aside On-Street Parking Adjacent to a Public Building of a Separate Governmental Entity
The first question presented here is whether the Village has authority to set aside parking spaces on highways in the Village for use by those having business in the public building of a separate government entity. We conclude that the statute authorizes this type of regulation.
Although the amendment to VTL § 1640 that added subdivision 22 was intended to address a specific practice, the language of the statute is broad. It delegates authority to prohibit or regulate parking "in designated areas reserved for public businessat or adjacent to a government facility." VTL
§ 1640(a)(22) (emphasis added). The statute by its terms requires only that the designated parking be proximate to a government facility and for persons conducting public business at that facility. Because the statute uses the general term "government facility," it is not limited to designated parking in front of municipal offices, and could include parking adjacent to a variety of government facilities, including public schools.
Nor does the language of the statute limit a city or village to setting aside on-street parking only for the use of its own government buildings. Rather, we believe section 1640(a)(22) can reasonably be read to include authorization for a city or village to set aside on-street parking for persons using an adjacent government facility of a separate governmental entity. This not only follows from the Legislature's use of the phrase
"a government facility" (emphasis added) and the absence of language limiting those terms to facilities of the city or village enacting the parking regulations, but also accords with the structure of local highway regulation under the VTL. Generally, the city or village within which a highway is located has jurisdiction to regulate the use of that highway. SeeVTL § 1640 (a) (authorizing legislative bodies of cities and villages to regulate highways "in such city or village");_id. § 1646 (excluding certain highways from application of article). And, as noted earlier, the right to use of the highways rests with the public as a whole, not with the residents of a particular municipality. Reading section 1640(a)(22) consistently with these principles, it is the location of the highway within the city or village that gives rise to the city or village's authority to set aside on-street parking for the users of adjacent government buildings, rather than its ownership of the government building in question. Therefore, the fact that the school in question is part of a school district, an entity independent and separate from the Village, seeOp. Att'y Gen.(Inf.) No. 91-59; Op. Att'y Gen. (Inf.) No. 83-40, does not preclude the Village from setting aside on-street parking for persons using the school.
B. Setting Aside On-Street Parking for School Employees
Your inquiry raises the further question of whether the statute authorizes the Village to set aside parking for one category of persons conducting business at the school, i.e., only employees of the school and not other government employees or members of the public who have business to conduct at the school. Although the statute does not expressly confer authority to distinguish among persons using the adjacent government building, so as to exclude from the use of the highway for parking only some users and not others, we have previously opined that this provision authorizes cities and villages to set aside parking spaces on public highways for certain categories of persons using an adjacent government building._SeeOp. Att'y Gen. (Inf.) No. 97-33 (interpreting section 1640(a)(22) as authority for setting aside on-street parking for use by employees of the municipality, other governmental employees and persons doing business in municipal offices). This interpretation accords with the statute's purpose and legislative history.
The purpose of the statute would be thwarted if it were interpreted to allow a village or city only to set aside on-street parking for any persons using an adjacent government building. Although the Legislature enacted a broadly worded statute that permits consideration of the parking needs of the general public using a government facility, the stated intent was to provide statutory authority for the historical practice of setting aside parking for specified government officials and employees who needed easy access to government buildings in congested areas. Consistent with this purpose, the statute is reasonably interpreted as authorizing parking regulations that set aside on-street parking for specified persons or classes of persons using the government facility.
Subsequent legislative history provides further evidence to support this interpretation. Shortly after the bill enacting section 1640(a)(22) was signed into law, the Governor vetoed a bill that would have allowed cities having a population of 250,000 or more to restrict parking on city streets to employees of the State, county or city assigned to work in adjacent buildings. In his veto message, the Governor explained that the enactment of the broader authority in section 1640(a)(22) rendered this bill "superfluous." Veto Message #74,_reprinted in1996 New York State Legislative Annual 604-05 (1997). We thus believe section 1640(a)(22) is properly read as authorizing cities and villages to designate on-street parking in front of or adjacent to government buildings for any persons conducting business in the building, or for the exclusive use of specified persons or classes of persons using the building.[2]
 C. Enacted Regulations Must be Reasonable
The conclusion that section 1640(a)(22) can be read as permitting villages and cities to distinguish among users of the public highway with respect to parking in front of or adjacent to government buildings does not end our inquiry. Even where the Legislature has authorized a municipality to exclude certain persons or classes of vehicles from the free use of the highways, local restrictions enacted pursuant to such authority must still be reasonable and rationally related to a legitimate public purpose. See Collis v. Town of Niskayuna, 178 A.D.2d 868, 869 (3d Dep't 1991);_Peconic Avenue Businessmen's Ass'n v. Town ofBrookhaven, 98 A.D.2d 772 (2d Dep't 1983); 1980 Op. Att'y Gen. (Inf.) 209 (regulations excluding vehicles from highways as authorized by VTL must be reasonable); see also Op. Att'y Gen. (Inf.) No. 87-86 (zoning regulation).
The test for reasonableness applied by the courts in an analogous context — local regulations that limit through traffic — is instructive. In that context, the Court of Appeals has stated that the regulation will be upheld if it is reasonable and nondiscriminatory, and that "factors to be weighed in determining its validity include the availability of convenient alternate routes, any discriminatory effect, and the necessity for the regulation in relation to traffic conditions." People v. Randazzo,60 N.Y.2d 952, 953-54 (1983); see also Cohen v. Board of Trusteesof the Inc. Village of Flower Hill, 198 A.D.2d 468, 469 (2d Dep't 1993) (same). Applying those concepts here, we believe that appropriate factors to weigh in determining the reasonableness of the proposed regulations would include (1) the need for and availability of alternate parking for other persons who need access to residences, businesses or other government facilities in the area (including the availability of parking for parents or others who need access to the school) and (2) the need for the regulation in relation to existing parking conditions. The latter factor would include consideration of whether additional off-street parking is, or reasonably could be made, available to school employees. The reasonableness of a particular traffic regulation and its relation to legitimate public interest goals are thus essentially questions of fact, dependent on the entirety of the circumstances, and such determinations are therefore beyond the scope of this opinion.
Additionally, although we have determined that the statutory delegation is reasonably interpreted as authorizing a city or village to set aside parking for specified persons or classes of persons and, thus, that some degree of discrimination among users is permitted, principles of equal protection likewise require that there be a rational basis for the classification. See Collis v.Town of Niskayuna, 178 A.D.2d at 870 (applying equal protection rational basis test to state authorizing legislation and local law prohibiting ice cream trucks from stopping on public streets to sell ice cream); Mobil Oil Corp. v. Inc. Village of Roslyn Harbor,69 Misc.2d 79 (Sup.Ct. 1972) (same, local law excluding heavy trucks). In sum, in determining whether to enact the contemplated parking restrictions, the Village Board of Trustees should consider whether reserving portions of the specified highways for the exclusive use of school employees is rationally related to a legitimate public purpose and would be viewed as reasonable under the circumstances. Cf. Friedman v. Beame, 558 F.2d 1107, 1111-12
(2d Cir. 1977) (holding that parking regulations of the City of New York setting aside designated on-street parking spaces for specified government officials did not violate equal protection).
D. Use of a Permit Identification System
Finally, assuming the parking restrictions are otherwise valid, we believe the Village may use a permit parking system to implement the contemplated parking restrictions. The Village has proposed to implement its parking restrictions by allowing authorized employees of the school to obtain a parking permit without charge from the Village, and restricting parking along portions of the highways adjacent to the school during designated hours to those individuals holding a valid permit.[3] Although VTL§ 1640(a)(22) does not specifically authorize the use of a permit system, it should be read as implicitly authorizing some method for implementing the parking restrictions. The authorization to set aside parking for the use of certain persons would be meaningless if villages and cities were without authority to create a method to identify those authorized to use the restricted parking areas. It follows that the Village must have some means of identifying the persons authorized to park so that the parking restrictions may be properly enforced.
Insofar as the type of parking permit system you have described is calculated to provide a means of identifying those entitled to park in the restricted areas, it appears to be a reasonable method of implementing this statutory authorization. While VTL § 1604 prohibits a municipality, unless otherwise authorized by the VTL, from "requiring from any owner of a motor vehicle . . . . any tax, fee, license or permit for the use of the public highways," we believe the specific delegation in section 1640(a)(22) to set aside parking in front of government buildings, read together with the omnibus authorization in section 1640(a)(16) to "adopt such additional reasonable local laws . . . and regulations with respect to traffic as local conditions may require", creates the necessary statutory authorization for a permit identification system of the type you have described. Moreover, because section 1640(a)(22) is silent as to how a municipality may designate the reserved parking areas, such a permit system would not conflict with its provisions. Cf. 1979 Op. Att'y Gen. (Inf.) 117 (prepaid parking coupon system as a substitute for parking meters conflicts with VTL where the only authorized method for charging a fee for on-street parking is by parking meters).
CONCLUSION
For the foregoing reasons, we conclude that VTL § 1640(a)(22) provides authority for a village or city to enact regulations restricting on-street parking for the use of specified persons using an adjacent government building, including employees of a public school, as long as theregulations are reasonably related to a legitimate public purpose. We also conclude that a village or city may use a permit identification system to implement this statutory authority.
The Attorney General issues formal opinions only to officers and departments of state government. Thus, this is an informal opinion rendered to assist you in advising the municipality you represent.
Very truly yours,
LAURA ETLINGER, Assistant Attorney General
In Charge of Opinions
[1] We note that section 1640(a)(22) applies only to cities and villages, and that the Legislature has not enacted a comparable provision applicable to towns. See VTL §§ 1660-1646 (regulation of traffic by towns). Thus, the ability of a town to set aside on-street parking for employees of a school district raises a different question than the one we analyze here.
[2] To the extent the proposed parking restrictions will affect parking on state highways maintained by the State, the Village must obtain approval from the New York State Department of Transportation before the regulation may become effective. See VTL §§ 1640(a), 1684.
[3] Although you included a draft of the proposed law with your letter, please be advised that we do not engage in general review of proposed local enactments. Our opinion should therefore not be viewed as an endorsement of this specific legislative proposal. Accordingly, we have not considered whether the highways proposed to be designated for these parking restrictions are "at or adjacent" to the school within the meaning of VTL § 1640(a)(22).