*818 City of Newburgh Ordinance No. 3-2008 (hereinafter the ordinance), amended, in its entirety, chapter 272 of the City of Newburgh Code of Ordinances, which pertained to the regulation of taxicab services within the City of Newburgh. City of Newburgh Ordinance No. 11-2010 further amended the ordinance. The petitioners/plaintiffs, who provide taxicab services in the city, challenged various provisions of the ordinance and, after its subsequent amendment, now challenge the same provisions of the amended ordinance. The petitioners/plaintiffs argue generally that the ordinance and amended ordinance were enacted in excess of the regulatory powers vested in the respondents/defendants, and that the ordinance and amended ordinance violate the New York and United States Constitutions and, therefore, must be declared invalid.
A local ordinance is cloaked with the same strong presumption of constitutionality as a statute (see Town of Huntington v Park Shore Country Day Camp of Dix Hills, 47 NY2d 61, 65 [1979]; Marcus Assoc. v Town of Huntington, 45 NY2d 501, 505 [1978]). It need only be determined whether the ordinance in question is a reasonable measure for achieving valid goals of the municipality (see Bobka v Town of Huntington, 143 AD2d 381, 383-384 [1988]).
Contrary to the contention of the petitioners/plaintiffs, the ordinance and amended ordinance are reasonably related to the legitimate stated purposes of better serving and protecting local residents, visitors, and legitimate taxi companies from, among other things, unlicensed and underinsured taxicab drivers. The petitioners/plaintiffs’ conclusory submissions do not sustain their burden of establishing beyond a reasonable doubt that the ordinance and the amended ordinance were not reasonably or *819 rationally related to those legitimate stated purposes (see Vecchio v Griffin, 143 AD2d 1003, 1004 [1988]; Bobka v Town of Huntington, 143 AD2d 381, 383-384 [1988]). Accordingly, since the petitioners/plaintiffs failed to sustain their burden of establishing the unconstitutionality of the ordinance or amended ordinance beyond a reasonable doubt, the Supreme Court properly, inter alia, declared that the amended ordinance is valid, constitutional, and enforceable.
The petitioners/plaintiffs’ remaining contentions are without merit. Skelos, J.P., Dickerson, Leventhal and Roman, JJ., concur.