■ In the Matter of NEW YORK CITY COMMITTEE FOR TAXI SAFETY, Appellant-Respondent, v NEW YORK CITY TAXI AND LIMOUSINE COMMISSION et al., Respondents-Appellants. In the Matter of METROPOLITAN TAXICAB BOARD OF TRADE, INC., et al., Appellants-Respondents, v DIANE McG. McKECHNIE, as Chair of the New York City Taxi and Limousine Commission, et al., Respondents-Appellants. NEW YORK CITY COMMITTEE FOR TAXI SAFETY et al., Appellants, v NEW YORK CITY TAXI AND LIMOUSINE COMMISSION et al., Respondents. [681 NYS2d 509] —Order and judgment (one paper), Supreme Court, New York County (Franklin Weissberg, J.), entered on or about July 21, 1998, which, *inter alia*, declared that certain regulations adopted by respondent New York City Taxi and Limousine Commission (TLC) on May 28, 1998 are valid, with the exception of 35 RCNY 1-02 (*l*), unanimously modified, on the law, to declare 35 RCNY 1-02 (*l*) valid as well, and otherwise affirmed, without costs.

Petitioners fail to meet their heavy burden of showing that the subject regulations are unreasonable and unsupported by any evidence (*see, Matter of Consolation Nursing Home v Commissioner of N. Y. State Dept. of Health*, 85 NY2d 326, 331-332; *Matter of Versailles Realty Co. v New York State Div. of Hous. & Community Renewal*, 76 NY2d 325, 328), or beyond the

broad grant of authority delegated to respondent TLC under New York City Charter § 2303 to promulgate and implement a pervasive regulatory program for the taxicab industry (*see, Matter of City of New York v State of N. Y. Commn. on Cable Tel.*, 47 NY2d 89, 92), including standards and conditions of service, safety, design, comfort and convenience, requirements for the issuance, renewal, suspension and revocation of licenses, and requirements for the maintenance of financial security, insurance and minimum coverage. In the latter regard, we disagree with the IAS Court that 35 RCNY 1-02 (*l*), which requires financial disclosure from each taxicab owner, member of a partnership, or shareholder, officer or director of a corporation owning one or more medallion taxicabs, does not reasonably further the legitimate governmental purpose of assuring sufficient information to identify taxicab owners who have abused the corporate form by fragmenting their ownership into many undercapitalized corporations in order to shield assets from persons injured as a result of a taxicab's negligence. The choice of the appropriate means for achieving this legitimate objective is well within the authority delegated to respondent TLC (*see, Matter of New York State Health Facilities Assn. v Axelrod*, 77 NY2d 340, 348). We have considered petitioners' other arguments and find them to be unpersuasive. Concur— Lerner, P. J., Sullivan, Milonas, Rosenberger and Ellerin, JJ.