■ In the Matter of JILLANI GHULAM, Petitioner, v NEW YORK CITY TAXI AND LIMOUSINE COMMISSION, Respondent. [691 NYS2d 408] —Determination of respondent Commission, dated September 23, 1998, revoking petitioner's taxi driver's license, unanimously confirmed, the petition denied and the proceeding brought pursuant to CPLR article 78 (transferred to this Court

by order of the Supreme Court, New York County [Beverly Cohen, J.], entered December 7, 1998) dismissed, without costs.

The testimony credited by the Hearing Officer (*see, Matter of Berenhaus v Ward,* 70 NY2d 436, 443) and other evidence presented constituted substantial evidence (*see, 300 Gramatan Ave. Assocs. v State Div. of Human Rights,* 45 NY2d 176, 179) that petitioner, in violation of Taxicab Drivers Rules (35 RCNY) § 2-21 (a) and (b) (2), made a sudden and unsignaled lane change on a busy avenue in close proximity to other motorists and pedestrians who were thereby endangered. In reaching these conclusions, the Hearing Officer properly received hearsay evidence, upon a finding that the statements thus admitted were sufficiently reliable to warrant consideration (*see, Matter of Triple A Auto Driving School v Foschio,* 107 AD2d 641, *affd* 65 NY2d 755).

Contrary to petitioner's contention, the administrative findings against petitioner were well within the "broad grant of authority delegated [to the Taxi and Limousine Commission under the New York City Charter] to promulgate and implement a pervasive regulatory program for the taxicab industry" (*Matter of New York City Comm. for Taxi Safety v New York City Taxi & Limousine Commn.,* 256 AD2d 136, 137), and were in no way limited by judicial precedents arising under New York State's reckless driving statute, notwithstanding the textual similarity between that statute and the regulations pursuant to which petitioner was administratively disciplined.

Finally, under the circumstances presented in which petitioner's commission of a hazardous moving violation foreseeably resulted in serious injury to two pedestrians, the penalty imposed is not so disproportionate to the offense as to shock our sense of fairness (*see, Matter of Pell v Board of Educ.,* 34 NY2d 222). Concur—Nardelli, J. P., Wallach, Lerner, Andrias and Buckley, JJ.