■ METROPOLITAN TAXICAB BOARD OF TRADE et al., Appellants, v THE NEW YORK CITY TAXI & LIMOUSINE COMMISSION et al., Respondents. [897 NYS2d 65]—

Order and judgment (one paper), Supreme Court, New York County (Jane S. Solomon, J.), entered November 30, 2009, which denied the petition brought pursuant to CPLR article 78 seeking to annul amendments to the New York City Taxi & Limousine Commission's (TLC) rules and granted respondents' motion to dismiss the petition, unanimously affirmed, without costs.

Respondent TLC is charged with establishing a public transportation policy governing the vehicle-for-hire industry as it relates to the overall public transportation network of the City of New York, and is vested with a broad grant of authority to promulgate and implement a regulatory program for the taxicab industry, including standards and conditions for service, safety, design, comfort, convenience, noise and air pollution control, and efficiency in the operation of vehicles (*see* NY City Charter § 2300 *et seq.*; *Matter of New York City Comm. for Taxi Safety v New York City Taxi & Limousine Commn.*, 256 AD2d 136 [1998]). Under this broad grant of authority, the TLC was authorized to amend its rules to provide that the statutory cap imposed on the amount charged by taxicab fleet owners when leasing vehicles to taxi drivers may be altered on the basis of public policy considerations.

An administrative regulation should be upheld if it has a rational basis and is not unreasonable, arbitrary, capricious, or contrary to the statute under which it was promulgated (*see New York State Assn. of Counties v Axelrod*, 78 NY2d 158, 166 [1991]). Under this standard, the TLC was authorized to amend its rules establishing the amount of vehicle lease caps by raising the lease amount for hybrid and fuel-efficient vehicles and lowering the lease amount for non-fuel-efficient vehicles. In addition to being authorized under the broad scope of the TLC's regulatory authority, the subject amendments are rationally related to the legitimate governmental goals of providing incentives for fleet owners to purchase fuel-efficient vehicles which are designed to reduce harmful emissions, and to require fleet owners to bear some of the additional fuel costs associated with the operation of non-fuel-efficient vehicles.

Petitioners, having not sought to show during the administrative review process that the amendments will have a detrimental economic impact on fleet owners, may not challenge the amendments on those grounds before this Court (*see Matter of Miller v Kozakiewicz*, 300 AD2d 399, 400 [2002]).

Furthermore, the TLC was authorized to amend its rules to

provide that taxicab lease amounts must be calculated so that sales and rental taxes owed by taxi drivers are included within the amount of the applicable statutory lease cap. The amendment is aimed at standardizing divergent practices regarding the payment of such taxes within the vehicle-for-hire industry, as demonstrated in the record. Contrary to petitioners' argument, the amendments do not conflict with applicable provisions of the Tax Law.

There being rational bases for the TLC's amendments at issue, we reject the claim that the amendments were enacted in retaliation for petitioners' commencement of federal court proceedings alleging preemption. Concur—Friedman, J.P., Catterson, McGuire, Acosta and Renwick, JJ. **[Prior Case History: 27 Misc 3d 254.]**