In the Matter of A.J. McNulty & Company, Inc., Appellant, v Sharon Greenberger et al., Respondents. [918 NYS2d 113]—

The Authority issued its determination after learning about the execution of search warrants at petitioner's offices in furtherance of an ongoing criminal investigation into work performed for the Metropolitan Transportation Authority. Pursuant to 21 NYCRR 9600.3 (d) (2) (i), the Authority may preclude an applicant "from working for [it] until there is a favorable resolution of . . . [a] pending criminal investigation." Accordingly, the Authority's determination was not arbitrary and capricious (see Matter of N.J.D. Elecs. v New York City Health & Hosps. Corp., 205 AD2d 323, 324 [1994]).

Public Authorities Law § 1734 (3) (b), which allows the Authority to consider factors "it deems appropriate" in determining whether a prospective bidder qualifies for inclusion on a list of prequalified bidders, is a valid delegation of legisla-

tive power. Indeed, the Legislature may "delegat[e] . . . power, with reasonable safeguards and standards, to an agency or commission to administer the law as enacted by the Legislature" (*Matter of Levine v Whalen*, 39 NY2d 510, 515 [1976]). The statute at issue here provides a guideline of factors to consider in determining the qualifications of prospective bidders, and thus does not, as petitioner asserts, give the Authority "unfettered authority."

Lastly, the Authority did not exceed its authority by enacting 21 NYCRR 9600.3 (d) (2) (i). This regulation has not been shown to be "so lacking in reason for its promulgation that it is essentially arbitrary" (*Festa v Leshen*, 145 AD2d 49, 55 [1989] [internal quotation marks and citation omitted]).

The court should have declared in the Authority's favor upon finding that petitioner was not entitled to the declaration it sought. Concur—Saxe, J.P., Friedman, Acosta, DeGrasse and Richter, JJ.